UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES F. B.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 3:26-CV-05175-BAT

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING

Plaintiff appeals the ALJ's decision finding him not disabled. Plaintiff contends the ALJ harmfully failed (1) to find frequent urination is a severe impairment at step two and failed to discuss this condition, and (2) to consider the amount of time Plaintiff spends attending medical appointments in finding he is not disabled.

The Court finds the ALJ harmfully erred and **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g) as follows.

Plaintiff first contends the ALJ erred at step two. At step two Plaintiff must show he has a medically determinable impairment or combination of impairments, and the impairment or combination of impairments is severe. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); 20 C.F.R. § 404.1520(c), 416.920(c). An impairment is medically determinable if it results from a

physical abnormality shown by acceptable clinical or laboratory diagnostic techniques. Impairments are "not severe" only if the evidence establishes a slight abnormality with no more than a minimal effect on an individual's ability to work. *Id.*

At step two, the ALJ acknowledged numerous medical sources documented Plaintiff's regular complaints of urinary frequency "for the last 6 to 7 years at a rate of 40 times a day." Tr. 20. Despite the impact this would have on Plaintiff's ability to work, the ALJ found Plaintiff's need to frequently urinate is not a severe impairment because the medical record lacks a diagnosis for Plaintiff's frequent urination that is supported by medical signs or laboratory findings. Tr. 20-21. The ALJ erred. First, the medical record establishes Plaintiff was seen by numerous doctors regarding complaints of frequent urination and was in fact diagnosed with frequent urination by Douglas Sutherland, M.D. a treating urologist. Tr. 327 (("R35.0) Frequency of urination, (primary encounter **diagnosis**)").

Second, it is unsurprising there are no laboratory test findings diagnosing frequent urination because the exact cause of Plaintiff's frequent urination had eluded attempts by Plaintiff's medical providers. However, Plaintiff's frequent urination was diagnosed by Dr. Sutherland, and is supported by acceptable clinical medical techniques as the medical record which repeatedly documents Plaintiff's problems with frequent urination. The Court notes because Plaintiff's regular and frequent urination is a symptom that would occur outside of a doctor's office, that the medical assessment based upon Plaintiff's statements to his providers is sufficient clinical evidence establishing the condition is a severe impairment.

Third, while the cause, i.e., the exact basis, of Plaintiff's frequent urination has not yet been diagnosed or ascertained, other ALJ's have found impairments severe even when the cause of the impairment is unknown. *See e.g. Schriver v. Colvin*, 2015 WL 1307194 at * 3 (E.D.

Washington, March 15, 2015) ("At step two, the ALJ determined Plaintiff had the following severe impairments: syncopal episodes due to unknown causes."); *Toglia v. Astrue*, 2009 WL 3783191 at * 3 (E.D. Washington, Nov. 9, 2009) ("at steps two and three, the ALJ found that plaintiff suffers from . . . syncope episodes of unknown cause."); *Gebhard v. Colvin*, 2016 WL 721614 at * 3 (D. Oregon, Dec. 16, 2016) ("At step two, the ALJ concluded plaintiff suffered the following severe impairments: abdominal pain of unknown cause status post multiple abdominal surgeries."); *Grede v. Astrue*, 443 Fed. Appx 323,324 (10th Cir. 2011) (" the ALJ found at step two that Mr. Grede had the following severe impairments: chronic diarrhea of unknown cause."); *Wong v. Astrue*, 2012 WL 602359 at * 24 (D. Minnesota, Feb 7, 2012) ("the ALJ identified the following severe impairments: (1) POTS with chronic fatigue, (2) scoliosis, (3) spondylolisthesis, (4) hypertension, (5) hyperlipidemia, (6) lifelong chronic diarrhea of unknown cause."); and *Schad v. Commissioner of Social Security*, 2016 WL 1622799 at * 1 (N.D. New York, March 29, 2016) ("the ALJ found that Plaintiff had the severe impairments of depressive disorder, anxiety disorder, lumbago due to unknown cause."). While none of these cases are binding authority, they show ALJs across the nation have found fainting, diarrhea, abdominal or back pain are severe impairments even when the cause of these symptoms or conditions are not known. Given the medical record here which consistently notes and reports Plaintiff's frequent urination, coupled with the lack of any evidence showing this is not the case, the Court finds the ALJ erred in failing to find Plaintiff's frequent urination is a severe impairment at step two.

The Court finds the ALJ's error is harmful because in determining Plaintiff's residual functional capacity (RFC) the ALJ did not mention or consider the impact of frequent urination on Plaintiff's ability to perform substantial gainful work. *See* 20 C.F.R. § 416.945(a) (ALJ must

assess all the relevant evidence to determine claimant's work capacity work). The Court accordingly finds the matter must be remanded for further administrative proceedings.

Because the Court finds the matter must be remanded for consideration of Plaintiff's frequent urination, the Court need not delved into Plaintiff's argument the ALJ erred in properly considering the impact of his severe impairments singularly or in combination. The ALJ failed to consider frequent urination and thus on remand shall consider this impairment in connection with all of Plaintiff's other severe impairments in determining Plaintiff's RFC.

## CONCLUSION

For the foregoing reasons, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). The Court finds the ALJ erred in failing to find frequent urination a severe impairment and in failing to consider the impact of this impairment on Plaintiff's ability to work. Thus, on remand, the ALJ shall consider frequent urination and Plaintiff's other severe impairments; develop the record and redetermine RFC as needed; and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 28th day of September, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge